**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALETA BRIDGES, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff, | ) | CASE NO.1:09CV2872 |
| | ) | |
| -vs- | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER ADOPTING |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

Plaintiff Aleta Bridges appeals the administrative denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under 42 U.S.C. §§ 405(g) and 1383 (c)(3), respectively. An administrative hearing and review of the medical record was held and, on June 30, 2009, the Administrative Law Judge ("ALJ") determined that Bridges was not disabled.

This matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). For the reasons that follow, the Court adopts the Magistrate Judge's Report and Recommendation and affirms the denial of benefits.

## **BACKGROUND**

In April 2006 Plaintiff filed applications for DIB and SSI, alleging a disability onset date of January 24, 2006. Plaintiff claimed disability due to Cerebral Palsy[1] in the left leg causing difficulty walking. Plaintiff was 19 years old at the onset date and considered a "younger individual."

On January 20, 2009, Plaintiff appeared with counsel and testified at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, Plaintiff amended the alleged onset date to May 1, 2005. A Vocational Expert ("VE") also testified.

On June 30, 2009, the ALJ denied Plaintiff's applications and the Appeals Council denied her request for review, making the hearing decision the final decision of the Commissioner.

Following the sequential evaluation process, the ALJ concluded that Plaintiff: (1) met the insured status requirements of the Social Security Act through March 31, 2008; (2) has not engaged in substantial gainful activity since the alleged onset date; (3) has a severe impairment: Cerebral Palsy; (4) does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR § 404.1525, § 404.1526, § 416.925 and§ 416.926); and (5) has the residual functional capacity to perform sedentary work as defined in 20 CFR § 404.1567(a) and § 416.967(a).

On December 11, 2009, Plaintiff filed her appeal of the ALJ's decision. In her appeal, Plaintiff contends the ALJ erred in failing to properly evaluate the opinion evidence of record-

---

[1] Cerebral Palsy is "any group of persisting, nonprogressive motor disorders appearing in young children and resulting from brain damage caused by birth trauma or intrauterine pathology." Dorland's Illustrated Medical Dictionary 1386 (31st ed.2007).

i.e.-failed to give full weight to the opinion of Dr. Hirst who concluded Plaintiff was disabled at step three of the sequential evaluation process and found her remaining residual function capacity (RFC) tantamount to total disability.  Plaintiff further contends the ALJ erred in relying on Plaintiff's part-time school and work activities to conclude she was not disabled.

Upon consideration of the parties' respective briefs, the Magistrate Judge issued his Report and Recommendation, recommending Plaintiff's appeal be denied and the ALJ's decision be affirmed.  In so concluding, the Magistrate Judge determined that the ALJ's decision was supported by "substantial evidence" in finding that Plaintiff attended college on a full-time basis prior to and during the period of her alleged disability.  In support of his conclusion, the Magistrate Judge relied, in part, on Plaintiff's own admission that she began her current degree pursuit at Stark State College in September 2006.   The Magistrate Judge found it "certainly probable" that Plaintiff remained on full-time status in January 2009 at the time of her hearing before the ALJ.  Coupled with notes from Plaintiff's driver's permit evaluation in October 2006 indicating Plaintiff was a "Full time student at Stark State," the Magistrate Judge determined this evidence presented substantial evidence upon which the ALJ could conclude Plaintiff was a full time student.  When considered along with Plaintiff's work history, the Magistrate Judge recommends the Court affirm the ALJ's decision that Plaintiff is not disabled.

The Magistrate Judge also determined that the ALJ properly accorded the opinion evidence of Dr. Hirst, a non-treating physician who conducted a one-time examination of Plaintiff, its due weight. Therefore, in light of the evidence of Plaintiff's treating physician, other medical opinion evidence and relevant medical evidence, the Magistrate Judge determined the ALJ was justified in concluding Plaintiff's cerebral palsy did not meet or equal a listed

impairment.

Plaintiff timely filed her Objection to the Magistrate Judge's Report and Recommendation. Plaintiff's Objection argues there is not substantial evidence she was a full-time student and argues that the ALJ erred in failing to properly analyze the examining opinion of Dr. Hirst by failing to consider the necessary criteria of consistency, specialization, supportability, and the examining relationship in partially rejecting Dr. Hirst's opinion.

## STANDARD OF REVIEW

### Civil Rule 72(b) Standard

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

4

**REVIEW**

*Plaintiff claims the ALJ erred in failing to properly evaluate the opinion evidence of record. Specifically, Plaintiff contends the ALJ failed to properly consider Dr. Hirst's opinion evidence for consistency, specialization, supportability and examining relationship as required by regulation 20 CFR §404.1527, §416.927.*

The ALJ found Dr. Hirst's opinion was entitled to less weight to the extent that Dr. Hirst's opinion was based on a one-time examination done in February 2009 - four years after the amended onset date- reflecting Plaintiff's functioning in February 2009. The ALJ further determined that Dr. Hirst's opinion, as to the extent of Plaintiff's limitations, was not consistent with with other objective findings of record, including medical evidence, other treating physician evidence and opinion evidence and was therefore, not entitled to substantial weight.

Further, Dr. Hirst was an examining physician, not a treating physician. In that Dr. Hirst was not Bridges' treating physician, the "treating physician" rule does not apply to his opinion and his opinion is not presumptively entitled to "greater deference." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). ("[G]reater deference is generally given to the opinions of treating physicians than to those of non-treating physicians[.]").

Plaintiff contends the ALJ only considered Dr. Hirst's opinion evidence for its consistency with other evidence without considering the other factors such as supportability, specialization and treating relationship as required by applicable regulation and case law.

The Magistrate Judge determined that the ALJ did not credit Dr. Hirst's opinion for several stated reasons: 1) it was based on a one time examination done in February 2009, well after her amended onset date of May 1, 2005; 2) Dr. Hirst's opinion that Plaintiff had

5

"significantly persistent disorganization of motor function in two extremities with sustained disturbance of gross and dextrous movements or gait/station" was contradicted by the medical evidence and claimant's own statements.  The ALJ determined Dr. Hirst's opinion, based on his one time examination in 2009 was an unreliable measure of Plaintiff's functioning since the onset date of May 1, 2005.

The Court agrees with the Magistrate Judge's Report and Recommendation that the ALJ's decision was supported by substantial evidence and properly considered Dr. Hirst's opinion evidence.  The Court disagrees with Plaintiff's evaluation of the ALJ's decision and finds the ALJ considered Dr. Hirst's opinion for consistency and supportability and examining relationship.  The ALJ's decision clearly considered that Dr. Hirst conducted a one-time examination well after the onset date and accorded less weight to his opinion because the one-time exam occurred many years after the onset date.  Since Dr. Hirst was not a treating physician but a one-time examining physician, the treatment relationship consideration did not factor into the ALJ's determination of the weight to be given.

The Magistrate Judge determined that while the ALJ's analysis of the above step three factors is "somewhat unclear," it falls within the harmless error exception where the ALJ implicitly adopts the treating physician's conclusions.

Plaintiff objects to this finding because Plaintiff contends the harmless error exception applies when an ALJ fails to give good reasons for rejecting a treating source opinion.  Here, Plaintiff's objection is not that the ALJ failed to give good reasons but rather failed to properly analyze Dr. Hirst's opinion under the required criteria.  Therefore, according to Plaintiff, the harmless error analysis should not have been applied.

6

The Court finds that even if an ALJ fails to analyze opinion evidence from a non-treating source using all the factors of 20 CFR §1527(d)(4), § 416.927(d)(4), harmless error may still apply.  See *Davenport v. Astrue*, No. 3:06CV402, 2008 WL 641131, 4 (S.D.Ohio, March 4, 2008) ("... an ALJ's failure to apply the correct legal criteria-at least when evaluating medical source opinions-mandates further judicial review for harmless error.") citing *Bass II v. McMahon,* 499 F.3d 506, 512 (6th Cir.2007). ("Consequently, if the ALJ's failure to apply the correct legal criteria was harmless, the decision 'should be affirmed.'") *Davenport at 4, quoting Bass II* at 512.

Here, the Court finds that the ALJ properly applied the required analysis in determining the weight to give Dr. Hirst's opinion evidence.  Even assuming the ALJ failed to discuss the specialization criteria, the ALJ's failure to describe with particularity Dr. Hirst's specialization and the weight to be accorded his opinion based on that specialization is harmless error, as determined by the Magistrate Judge, wherein he concluded that the ALJ had implicitly given Plaintiff's treating physician's opinion controlling weight.

*Plaintiff argues the ALJ erred by relying on her status as a full-time college student and part-time work activities prior to and during the period of alleged disability.*

Plaintiff's school and work activities were among many factors supporting the ALJ's finding that Plaintiff could perform a range of sedentary work.  The Magistrate Judge recommends and the Court agrees, that the record contains substantial evidence that Plaintiff was a full-time student based on Plaintiff's driver's permit evaluation information and considering the time frame in which Plaintiff attended Stark State College, as discussed by the Magistrate Judge in his Report and Recommendation.

The Court agrees with the Magistrate Judge's finding that the ALJ's consideration of Plaintiff's work history was most favorable to Plaintiff. The ALJ found no performance of substantial gainful work activity and deemed Plaintiff's job at Kmart "trial work."  Under the sequential evaluation process, substantial gainful work activity eliminates the disability claim at the first step; the ALJ's favorable rulings meant Plaintiff's disability claim was eligible for consideration beyond that step.  The ALJ was free to consider Plaintiff's part-time work and full-time college attendance as adverse factors in assessing Plaintiff's claim and the decision is supported by substantial evidence.

**CONCLUSION**

Based on the arguments presented, the record and the applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge affirming the Commissioner's decision to deny DIB and SSI benefits as supported by substantial evidence.

IT IS SO ORDERED.

S/Christopher A. Boyko<br>Christopher A. Boyko<br>U.S. District Court Judge

March 24, 2011